IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>YADVINDER SINGH BHAMBA,<br>   a.k.a. Bhupinder Kumar,<br>   a.k.a. Rajinder Kumar,<br>   a.k.a. Robert Howard Scott,<br>   a.k.a. Atkins Lawson Howard,<br>   a.k.a. "Ruby,"<br><br>Defendant. | INDICTMENT<br>UNDER SEAL<br><br>Crim. No. 17- 178 (FAB)<br><br>Violations:<br><br>Title 8, United States Code, Sections<br>   1324(a)(2)(B)(ii) and (iii); Title 18,<br>   United States Code, Section 371<br><br>(Count One)<br><br><br>Title 8, United States Code, Sections<br>   1324(a)(2)(B)(ii) and (iii); Title 18,<br>   United States Code, Section 2<br><br>(Counts Two through Sixteen) |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
8 U.S.C. Sec. 1324(a)(2)(B)(ii) and (iii); 18 U.S.C. Sec. 371
(Conspiracy to Bring to Aliens at Place Other than Designated Port of Entry)

Beginning on a date unknown through on or about August 15, 2016, in the District of Puerto Rico and elsewhere, the defendant, **YADVINDER SINGH BHAMBA**, did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Grand Jury, to commit offenses against the United States, that is, to bring and attempt to bring to the United States aliens, knowing and in reckless disregard of the fact that aliens had not received prior official authorization to come to, enter and reside in the United States, for the purpose of commercial advantage and private financial gain and did not upon arrival

United States v. Yadvinder Singh Bhamba
Indictment, p. 2

immediately bring and present said alien to an appropriate immigration officer at a designated port of entry, in violation of Title 8, <u>United States Code</u>, Sections 1324(a)(2)(B)(ii) and (iii).

All in violation of Title 18, <u>United States Code</u>, Section 371.

## Object of the Conspiracy

It was the object of the conspiracy that defendant **YADVINDER SINGH BHAMBA**, along with unindicted co-conspirators in the District of Puerto Rico and elsewhere, known and unknown to the Grand Jury, would unlawfully smuggle aliens into the United States for profit.

## Manner and Means

The following were among the means used by the co-conspirators to carry out the object of the conspiracy:

1. Defendant **YADVINDER SINGH BHAMBA** and unindicted co-conspirators were part of a transnational organization operating out of the Dominican Republic, Puerto Rico and elsewhere, which dedicated itself to smuggling foreign nationals into the United States, that is, Puerto Rico.

2. Co-conspirators predominantly provided smuggling services for Indian nationals, but also smuggled aliens from other foreign countries.

3. Co-conspirators acted in one or more roles, including as travel arrangers, boat captains, coordinators, stash house operators, drivers, and other roles facilitating the smuggling of aliens through transit countries and ultimately to the United States.

4. The co-conspirators who most actively participated in the smuggling of any particular alien or group of aliens depended upon the point of origin of the aliens and the specific routes and arrangements that were available to bring them to the United States.

**United States v. Yadvinder Singh Bhamba**
Indictment, p. 3

5. In some cases, co-conspirators made arrangements for aliens to travel outside of India for the purpose of obtaining visas for countries through which they could then travel on their way to the United States.

6. Members of the conspiracy made arrangements for aliens to travel by commercial airplane from India through other countries – such as the United Arab Emirates, Argentina, Panama, Venezuela, and Belize – into Haiti.

7. Aliens or their family members paid $20,000 or more for flights from India to Haiti. Once in Haiti, aliens paid co-conspirators approximately between $1,500 and $3,500 to get to Puerto Rico.

8. From Haiti, aliens were smuggled by co-conspirators across the border to the Dominican Republic by motorcycle, vehicle or small boat.

9. Members of the conspiracy made arrangements for aliens to stay in hotels in the Dominican Republic while waiting to be smuggled to Puerto Rico.

10. Members of the conspiracy arranged for boat captains to transport groups of aliens from the Dominican Republic to Puerto Rico, and arranged for aliens to be taken to launch sites in the Dominican Republic.

11. In some cases, boat captains used damaged, unlicensed, and overcrowded boats to make the overnight journey between the Dominican Republic and Puerto Rico.

12. Once in Puerto Rico, aliens were picked up by co-conspirators acting as load drivers, and taken to stash houses in Puerto Rico.

13. Co-conspirators sometimes used different names or aliases for themselves when making travel arrangements and paying expenses related to smuggling. Co-conspirators

United States v. Yadvinder Singh Bhamba
Indictment, p. 4

sometimes also used nicknames when communicating with each other. Some members of the conspiracy did not know each other's true names.

14. Co-conspirators communicated with each other through phone calls and chat programs for various purposes, including to let other co-conspirators know to expect aliens in their country or region of operation or to resolve issues that might arise during the smuggling operations.

15. "Alien" as used in this Indictment means any person not a citizen or national of the United States.

### Overt Acts

In furtherance of the conspiracy, and to accomplish the object of this conspiracy, **YADVINDER SINGH BHAMBA** and his co-conspirators committed the following overt acts in the District of Puerto Rico and elsewhere, including but not limited to the following acts pertaining to the smuggling of 15 aliens as identified in Counts Two through Sixteen of this Indictment in July 2016:

a. Beginning on or about December 2015, **YADVINDER SINGH BHAMBA** and co-conspirators made arrangements for Indian nationals to stay at the Los Leones hotel in Santo Domingo, in the Dominican Republic on multiple occasions.

b. On or about July 12, 2016, **YADVINDER SINGH BHAMBA**, using an alias, made a payment via Western Union to the Los Leones hotel in Santo Domingo, in the Dominican Republic.

United States v. Yadvinder Singh Bhamba
Indictment, p. 5

    c. On or about July 23, 2016, **YADVINDER SINGH BHAMBA** and co-conspirators in the Dominican Republic made arrangements to bring supplies to aliens who were being housed at the Los Leones hotel in Santo Domingo, Dominican Republic.

    d. On or about July 25, 2016, co-conspirators made arrangements for the aliens who were being held at the Santo Domingo hotel and aliens staying elsewhere to be driven to a meeting point. Once there, the co-conspirators arranged for the aliens to get in to one vehicle and be driven to Boca de Yuma, Dominican Republic, a seaside town on the east coast of the Dominican Republic. Co-conspirators paid taxi drivers in cash for these trips.

    e. Co-conspirators arranged for 15 aliens to be transported from the Dominican Republic to Puerto Rico by boat.

    f. On or about July 25, 2016, **YADVINDER SINGH BHAMBA** alerted co-conspirators in Puerto Rico to be ready to receive 15 aliens soon.

    g. On or about July 25, 2016 to July 27, 2016, 15 aliens, identified in Count 2 through Count 16 below, were transported from the Dominican Republic to Puerto Rico in a 22-foot-long, wooden vessel painted black, with an outboard engine.

    h. Co-conspirators arranged for the 15 aliens to be met in Puerto Rico by a co-conspirator driving a van, on or about July 27, 2016.

    i. When the co-conspirator driving the van failed to pick up the aliens after they landed in Puerto Rico, **YADVINDER SINGH BHAMBA** and other co-conspirators attempted to verify that the aliens had not drowned and tried to locate them, including so that the co-conspirators did not lose money.

United States v. Yadvinder Singh Bhamba
Indictment, p. 6

  j. **YADVINDER SINGH BHAMBA** paid another co-conspirator to locate the aliens.

## COUNTS TWO THROUGH SIXTEEN
8 U.S.C. Sec. 1324(a)(2)(B)(ii) and (iii); 18 U.S.C. Sec. 2
(Alien Smuggling)

On or about July 12, 2016 through July 29, 2016, in the District of Puerto Rico and elsewhere, the defendant, **YADVINDER SINGH BHAMBA**, knowing and in reckless disregard of the fact that an alien, as set forth in Counts 2 through 16 below, had not received prior official authorization to come to, enter and reside in the United States, did bring and attempt to bring to the United States said alien, did aid and abet the same, for the purpose of commercial advantage and private financial gain and did not upon arrival immediately bring and present said alien to an appropriate immigration officer at a designated port of entry:

| COUNT | ALIEN |
|---|---|
| 2 | G.G.C. |
| 3 | M.M. |
| 4 | N.A.P. |
| 5 | B.S. |
| 6 | G.S.(1) |
| 7 | G.S.(2) |
| 8 | K.S. |
| 9 | G.S.(3) |
| 10 | H.S. |
| 11 | M.S. |
| 12 | N.J.S. |
| 13 | R.S. |

United States v. Yadvinder Singh Bhamba
Indictment, p. 7

| | |
|---|---|
| 14 | R.S.(2) |
| 15 | S.S. |
| 16 | D.S. |

In violation of Title 8, United States Code, Sections 1324(a)(2)(B)(ii) and (iii), and Title 18, United States Code, Section 2.

**FORFEITURE ALLEGATION**
8 U.S.C. Sec. 1324(b)(1); 18 U.S.C. Secs. 981(a)(1)(C), 982(a)(6);
28 U.S.C. Sec. 2461(c)

Pursuant to Rule 32.2, Federal Rules of Criminal Procedure, the defendant is notified that upon conviction of one or more of Counts One through Sixteen of this Indictment, he shall forfeit the property specified below.

The allegations contained in Counts One through Sixteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(6).

Pursuant to Title 18, United States Code, Section 982(a)(6) and/or Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 8, United States Code, Section 1324(a), or conspiracy to violate Title 8, United States Code, Section 1324(a), in violation of Title 18, United States Code, Section 371, the defendant, **YADVINDER SINGH BHAMBA** shall forfeit to the United States of America any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense(s) of which the defendant is convicted; any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the

**United States v. Yadvinder Singh Bhamba**
Indictment, p. 8

commission of the offense(s) of which the defendant is convicted; and any property, real or personal, used to facilitate, or intended to be used to facilitate, the commission of the offense(s) of which the defendant is convicted.

Pursuant to Title 8, United States Code, Section 1324(b)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 8, United States Code, Section 1324(a), the defendant, **YADVINDER SINGH BHAMBA** shall forfeit to the United States of America any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of such violation(s); the gross proceeds of such violation(s); and any property traceable to such conveyance or proceeds.

The property to be forfeited includes, but is not limited to, the following:

a. Money Judgment: A judgment for a sum of money equal to the property constituting, derived from, or traceable to any and all proceeds the defendant obtained, directly or indirectly, as a result of such violations alleged in Counts One through Sixteen of this Indictment.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

**United States v. Yadvinder Singh Bhamba**
Indictment, p. 9

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**TRUE BILL**

**Foreperː**
Date: Maː

ROSA E. RODRÍGUEZ-VÉLEZ
United States Attorney

José Capó-Iriarte
Assistant United States Attorney
Chief, Criminal Division

Marshal Morgan
Assistant United States Attorney
Chief of Crimes Against Children and Human Trafficking Unit

KENNETH A. BLANCO
Acting Assistant Attorney General
United States Department of Justice
Criminal Division

Ann Marie E. Ursini
Trial Attorney, Human Rights and Special Prosecutions Section
United States Department of Justice, Criminal Division