# EXHIBIT 1

No. _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

Southern _ _ _ _ _ _ _ _ _ **District of** _ _ _ Florida _ _ _ _

_ _ _ _ Northern _ _ _ _ _ **Division**

## THE UNITED STATES OF AMERICA

*vs.*

_ _ _ _ _ YADVINDER BHAMBA, _ _ _ _ _ _ _ _ _

_ _ _ _ _ KENT CURRY, and _ _ _ _ _ _ _ _

LEFRED FORBES

# INDICTMENT

8 USC 1324(a)(1)(A)(i)
8 USC 1324(a)(1)(A)(ii)
8 USC 1324(a)(1)(A)(v)(I), (II)

*A true bill.*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Foreman*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ *day*

*of* _ _ _ _ _ _ _ _ _ _ *A.D. 1* _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Clerk*

*Bail. $* _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

GPO 863 829

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA        CASE # __99-5411-CRJ__

VS.

~~BHAMBA, YADVINDER,~~

~~CECIL, PAT, FITZGERALD~~ PRISONER # __53703-004__

REPORT COMMENCING CRIMINAL ACTION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TO CLERK'S OFFICE, UNITED STATES DISTRICT COURT: (CIRCLE ONE)

MIAMI     FT. LAUDERDALE     (WEST PALM BEACH)     FT. PIERCE

(CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATE COURT)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ALL ITEMS ARE TO BE COMPLETED. INFORMATION NOT APPLICABLE OR
UNKNOWN TO BE INDICATED BY "N A".

1) DATE AND TIME OF ARREST: 12-19-99   0400

2) LANGUAGE(S) SPOKEN: English

3) OFFENSE(S) CHARGED: Alien Smuggling

4) U. S. CITIZEN [ ] YES  [X] NO  [ ] UNKNOWN

5) DATE OF BIRTH: 09/01/59

6) TYPE OF CHARGING DOCUMENT: (CHECK ONE)
   [X] INDICTMENT     [ ] COMPLAINT TO BE FILED/ALREADY FILED
   [ ] BENCH WARRANT FOR FAILURE TO APPEAR
   [ ] PROBATION VIOLATION WARRANT
   [ ] PAROLE VIOLATION WARRANT

   CASE # _____

   ORIGINATING DISTRICT: _____

   COPY OF WARRANT LEFT WITH BOOKING OFFICER [ ] YES [ ] NO

7) AMOUNT OF BOND: _____  WHO SET BOND: _____

8) ARRESTING AGENT: Kevin Douglas     DATE: _____

9) AGENCY U.S. Border Patrol     PHONE: 561-848-6161

10) REMARKS: Keep Material Witnesses separate from princs.

AO 91 (Rev. 5/85) Criminal Complaint                                    AUSA McMILLAN

# *United States District Court*

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

V.

YADVINDER SINGH BHAMBA,
KENT FRITZGERALD CURRY, and
LEFRED DENYS FORBES

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 99-5411-LRJ

FILED by _____ D.C.
MAG. SEC.

DEC 2 1 1999

CLARENCE MADDOX
CLERK DIS. CT.
S.D. OF FLA. W.P.B.

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about December 19, 1999, in Palm Beach county, in the

Southern District of Florida and elsewhere the defendant(s), (Track Statutory Language of Offense)
knowing that a person was an alien, did combine, conspire, confederate and agree to bring to the United States such person at a place other than a designated port of entry or other designated place, and did knowingly attempt to transport or move such alien within the United States by means of transportation,

in violation of Title 8 United States Code, Section(s) 1324(a)(1)(A)(i)-(ii) and (v)(I)-(II)

I further state that I am a(n) Special Agent, U.S. INS and that this complaint is based on the following
                                    Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:   [X] Yes   [ ] No

Signature of Complainant
Kevin L. Douglas
Special Agent, U.S. INS

FILED BY
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. W.P.B.
99 DEC 21 AM 10: 35

Sworn to before me, and subscribed in my presence,
upon my finding of probable cause.

Date   12-21-99          at   West Palm Beach, Florida
                              City and State

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                    Signature of Judicial Officer

## AFFIDAVIT
### CASE NO. 99-5411-LRJ

I, Kevin Douglas, do swear and state as follows:

      1.     I am a Special Agent with the Immigration and Naturalization Service (INS) and have been so employed for fifteen (15) years. As an INS Special Agent, my duties include the apprehension of aliens who are in the United States illegally and the enforcement of the Immigration and Nationality Act.

      2.     This affidavit is based on my personal knowledge and on information told to me by other law enforcement officers.

      3.     On 12/19/99 at 0430 hours Boynton Beach Police Officers Wessendorf and Rosenberg were on marine patrol on the intercoastal waterway near the Boynton Beach Inlet. The officers observed a boat with no lights traveling northbound in a slow, methodical manner. The vessel had no markings except for GB-66, which was located on the center console. They observed two black males aboard and several large canisters that are typically used in transporting extra gas for long trips. In addition, nearly every small vessel used to transport undocumented aliens from the Bahamas to Florida is equipped with extra gas cans.

      4.     Upon activating their emergency lights the black males ignored the officers' efforts to pull them over and instead were observed to speed up. The vessel ultimately did yield and both subjects were detained for the U.S. Border Patrol. An individual identified as LEFRED DENYS FORBES was observed by the officers to be driving the boat, and a second individual, ELKENO SHERADON KELLY, was observed within the boat. Officer Moreno was patrolling in the same area in a police vehicle. Upon hearing the radio transmission from the Marine Unit Officers he decided to check the 700 block of East Boynton Beach, Intercoastal Canal Waterway (I.C.W.) Officer Moreno was aware that this particular location has been used in the past to drop off

undocumented aliens. I am aware that Boynton Beach is an area within Palm Beach County and the Southern District of Florida.

5.      Upon arrival at this location, Officer Moreno observed several subjects attempting to enter a 1999 Blue Chevrolet Venture Van bearing Florida license GWI99D. Officer Moreno attempted to make contact with these persons and they began running away from the van. Other officers responded and 14 subjects were detained for the U.S. Border Patrol. All persons were transported to the Boynton Beach Police Department. U.S. Border Patrol Agent Michael Flanagan responded and took custody of all 16 persons (that is, the aforementioned 14 subjects and the two individuals detained in the boat). The aliens were transported to the West Palm Beach Border Patrol Station for processing.

6.      The driver of the van was identified as YADVINDER SINGH BHAMBA (hereinafter 'BHAMBA"), who is a citizen of India and an applicant for lawful permanent residency. BHAMBA, who spoke English, was advised of his Miranda warnings in the English Language by Agent Michael Flanagan. BHAMBA stated that while in New York he received a phone call on his cell phone from a person he described as a Mr. Lalli. BHAMBA claimed he was informed by Lalli that a family friend known as Bhupinder Singh was departing New Dehli, India en route to the United States and that he would call him when he arrived. Approximately one week later, according to BHAMBA, he received a call on his cell phone from Bhupinder Singh. Singh allegedly told BHAMBA that he was in the Bahamas with a broken arm and asked him if he could pick him up in Miami, Florida, and take him to New York. BHAMBA stated he agreed to pick Bhupinder Singh up. BHAMBA claimed he flew to Miami, Florida, and that upon his arrival at the Miami Airport he met KENT FRITZGERALD CURRY, who is a citizen of the

-2-

Bahamas. CURRY allegedly agreed to help BHAMBA pick up his friend Bhupinder. BHAMBA stated that both men traveled from Miami to the Best Western Hotel on Palm Beach Lakes Blvd., West Palm Beach, Florida. For helping him locate his friend, BHAMBA stated he agreed to give CURRY a tip and pay for his room. BHAMBA claimed the two men stayed at the Best Western for a few days before moving to the Relax Inn in Boynton Beach, Florida.

7.   While at the Relax Inn, BHAMBA claimed he received a call on his cell phone from someone he did not recognize, who informed him that Bhupinder had arrived and was on the beach behind the Relax Inn. BHAMBA stated both he and CURRY got into the rental van and drove down the dirt road leading to the shore. BHAMBA stated that after he arrived and located Buphinder other people began coming out of the bushes and getting into his van. Shortly afterwards, BHAMBA, CURRY, Buphinder, and eleven additional undocumented aliens from India where detained by the Boynton Beach Police Department.

8.   It should be noted that at 0700 on 03/01/99 ten undocumented aliens were arrested on "Beer Can" Island which is located near the Boynton Beach Inlet and which is only accessible by water. At noon that same day the Palm Beach County Sheriffs Office encountered KENT FRITZGERALD CURRY wading just off the island. Curry was questioned and released as he had entered the country legally with his Bahamian passport and visitors visa. He claimed that a friend named "Bob" had rented the boat he had used to get to the Island, but he could not remember his last name. A check with Club Nautico revealed that the vessel had been rented by Mona Sandhu, date of birth, 07/28/60. An Immigration central index system check revealed that Sandhu is a permanent resident alien from India. It is further noted that investigation has determined that Mona Sandhu is BHAMBA's ex-wife and a phone card bearing her name was

-3-

found within BHAMBA's wallet incident to his arrest, in addition to approximately $3,876 in

cash. These facts appear to suggest that a relationship existed between BHAMBA and CURRY

substantially before that suggested by BHAMBA in his statement to the U.S. Border Patrol.

9.     On 12/19/99, your affiant, Agent Douglas questioned the undocumented alien

Buphinder Singh with the assistance of an interpreter. The alien admitted that he had phoned

BHAMBA from the Bahamas. Singh stated he asked BHAMBA to pick him to pick him up in

Florida and take him to New York. He stated that BHAMBA knew he did not have the proper

paperwork to enter the United States legally.

10.     On 12/19/99, Agent Douglas Advised Elkeno Sheradon Kelly (hereinafter "Kelly")

of his Miranda warnings in the English Language. Kelly advised that he understood his rights and

agreed to answer questions. Kelly was shown a photograph of LEFRED DENYS FORBES and

asked if he knew this person. Kelly indicated that he knew the person depicted in the photograph

as "Danny" and that Danny was the one who drove the boat all the way from the Bahamas to

Florida until police stopped them. Kelly admitted that both he and Danny knew that the persons

they brought the Florida were illegal aliens. He stated that he was asked by his brother, Carvelle

Kelly, to accompany Danny on the trip to Florida. Kelly was shown a photograph of KENT

CURRY and asked if he knew that person. Kelly stated that although he did not know him by

name, that he (CURRY) was the man that was at the inlet when they dropped the aliens off. Kelly

stated that as they were shoving off CURRY was the man who handed FORBES a $100 bill and

told FORBES to call him (CURRY) upon his return to the Bahamas.

11.     On 12/19/99, Agent Douglas advised FORBES of his Miranda warnings in the

English Language. FORBES stated that he understood his rights and agreed to answer questions.

-4-

FORBES was then requested to remove all items from his pockets at which time Agent Douglas

observed a total of $122.30 in U.S. currency. It should be noted that Forbes had a $100.00 bill in

his possession, which was consistent with the information provided by Kelly detailed above.

FORBES admitted to Agent Douglas that he and Kelly, whom he did not know by name, had

transported the twelve aliens from Freeport, Bahamas to Florida. Forbes stated that he never

asked anyone for passports nor any other documents that would allow them to enter the U.S.

legally. FORBES stated that a guy named "Cavy" told him he had some friends that needed to go

to the states. Cavy told FORBES that he would be getting something "money" upon his return to

the Bahamas. He claimed that he did not know how much he would receive. FORBES was

shown a photograph of CURRY and asked if he knew this person. FORBES stated that CURRY

is his cousin.

     12.    On the basis of the foregoing facts and evidence, I believe that probable cause

exists to charge YADVINDER SINGH BHAMBA, KENT FRITZGERALD CURRY and

LEFRED DENYS FORBES with conspiracy and aiding and abetting a violation of Title 8, United

States Code, Section 1324(a)(1)(A)(i)-(ii) and (v)(I)-(II).

FURTHER YOUR AFFIANT SAITH NAUGHT.

KEVIN DOUGLAS
SPECIAL AGENT
U.S. IMMIGRATION & NATURALIZATION
SERVICE

SUBSCRIBED AND SWORN TO BEFORE
ME THIS 21st DAY OF DECEMBER, 1999,
AT WEST PALM BEACH, FLORIDA.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

-6-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No. 99-5411-LRJ**

**UNITED STATES OF AMERICA**

**vs.**

**YADVINDER SINGH BHAMBA, et al.**

                **Defendant**
_____/

**CRIMINAL COMPLAINT COVER SHEET**

1.   Did this case originate from a matter pending in the United States Attorney's Office
     prior to April 1, 1999? _____ Yes   __X__ No

2.   Did this case originate from a matter pending in the Central Region of the United
     States Attorney's Office prior to April 1, 1999? ____Yes   __X__ No

                    Respectfully submitted,

                    THOMAS E. SCOTT
                    UNITED STATES ATTORNEY

                    BY: _____
                    JOHN C. McMILLAN, JR.
                    Assistant United States Attorney
                    Admin. No. A5500228
                    500 Australian Ave., Suite 400
                    West Palm Beach, Florida  33401
                    Phone: (561) 820-8711
                    Fax:    (561) 820-8777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No: **00-8004 CR - HURLEY**

8 U.S.C. 1324(a)(1)(A)(i)
8 U.S.C. 1324(a)(1)(A)(ii)          **MAGISTRATE JUDGE**
8 U.S.C. 1324(a)(1)(A)(v)(I), (II)     **VITUNAC**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

YADVINDER BHAMBA,
KENT CURRY, and
LEFRED FORBES,

        Defendants,

_____/



## INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE

    1.   In or about December, 1999, in Boynton Beach, in Palm

Beach County, in the Southern District of Florida, the defendants,

        YADVINDER BHAMBA,
        KENT CURRY, and,
        LEFRED FORBES,



did knowingly and intentionally conspire together and with other persons unknown to the grand jury, to commit offenses against the United States, namely, to violate Title 8, United States Code, Sections 1324(a)(1)(A)(i) and (ii).

### OBJECTS OF THE CONSPIRACY

2.    It was a part of the said conspiracy that the defendants would bring illegal aliens to the United States at a place other than a designated port of entry and at a place other than as designated by the Commissioner of the Immigration and Naturalization Service.

3.    It was a part of the said conspiracy that the defendants would move and transport, and attempt to move and transport, illegal aliens within the United States.

### OVERT ACTS

4.    In furtherance of said conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed within the Southern District of Florida, and elsewhere:

a.    On or about December 9, 1999, YADVINDER BHAMBA rented a 1999 Chevrolet van, Florida license plate GWI99D, at InterAmerican Car Rental, Miami, Florida.

b.    From on or about December 8, 1999, to on or about December 12, 1999, KENT CURRY rented a room at the Best Western Palm Beach Lakes Inn, West Palm Beach, Florida.

2

c.   On or about December 10, 1999, YADVINDER BHAMBA's credit card was used to pay part of the cost of KENT CURRY's room at the Best Western Palm Beach Lakes Inn, West Palm Beach, Florida.

d.   On or about December 18, 1999, YADVINDER BHAMBA rented a room at the Relax Inn, Boynton Beach, Florida.

e.   On or about December 19, 1999, at approximately 4:30 a.m., LEFRED FORBES piloted a boat on the intracoastal waterway near the Boynton Beach inlet.

f.   On or about December 19, 1999, at approximately 4:30 a.m., YADVINDER BHAMBA and KENT CURRY waited in the 1999 Chevrolet van, Florida license plate GWI99D, in the vicinity of the 700 block of East Boynton Beach, Boynton Beach, Florida.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNT TWO

In or about December, 1999, in Boynton Beach, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendants,

YADVINDER BHAMBA,
KENT CURRY, and,
LEFRED FORBES,

did bring, and attempt to bring, to the United States one or more aliens, namely approximately 12 Indian Nationals, knowing that one or more of said persons was an alien, at a place other than a designated port of entry and at a place other than as designated by the Commissioner of the Immigration and Naturalization Service, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i) and (v)(II).

## COUNT THREE

In or about December, 1999, in Boynton Beach, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

YADVINDER BHAMBA,
KENT CURRY, and,
LEFRED FORBES,

knowing and in reckless disregard of the fact that one or more aliens had come to, entered, and remained in the United States in violation of law, did transport, move, and attempt to transport

4

and move, such aliens within the United States, in furtherance of

such violation of law, in violation of Title 8, United States

Code, Section 1324(a)(1)(A)(ii) and (v)(II).

A TRUE BILL

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BRUCE E. REINHART
ASSISTANT UNITED STATES ATTORNEY

Case 3:17-cr-00178-CCC   Document 89-1   Filed 08/29/18   Page 17 of 24
AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case
Case 9:00-cr-08004-DTKH   Document 66   Entered on FLSD Docket 07/26/2000   Page 1 of 8

# United States District Court

## Southern District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| **YADVINDER  BHAMBA** | Case Number:  **9:00CR08004-001** |

**AFPD Robert Adler**
Defendant's Attorney

FILED by _____ D.C.

JUL 2 6 2000

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## THE DEFENDANT:

☒ pleaded guilty to count(s)  **TWO of the Indictment on 03/24/2000.**

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. § 1324 (a)(1)(A)(i) &(v)II | Alien smuggling. | 12/31/1999 | TWO |

The defendant is sentenced as provided in pages 2 through **8** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) **ONE and THREE** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.:  **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** | **07/21/2000** |
| Defendant's Date of Birth:  **09/01/1959** | Date of Imposition of Judgment |
| Defendant's USM No.:  **53703-004** | |
| Defendant's Residence Address: | |
| **Palm Beach County Stockade** | Signature of Judicial Officer |
| | |
| **West Palm Beach,**          **FL** | **Daniel T. K. Hurley** |
| | **United States District Judge** |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| **Palm Beach County Stockade** | |
| | _July 25, 2000_ |
| **West Palm Beach,**          **FL** | Date |

DEFENDANT: **YADVINDER BHAMBA**

CASE NUMBER: **9:00CR08004-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____ **a year and a day** .

This is the total term of imprisonment imposed as to Count TWO of the Indictment.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to_____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Case 9:00-cr-08004-DTKH   Document 66   Entered on FLSD Docket 07/26/2000   Page 3 of 8

DEFENDANT:       **YADVINDER BHAMBA**

CASE NUMBER:      **9:00CR08004-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of_____3_____year(s)_____.

*This is the total term of supervised release imposed as to Count TWO of the Indictment.*

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by      the probation officer.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑  The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release      in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) .  The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or
   other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **YADVINDER BHAMBA**

CASE NUMBER: **9:00CR08004-001**

## SPECIAL CONDITIONS OF SUPERVISION

At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the Immigration and Naturalization Service for deportation proceedings consistent with the Immigration and Nationality Act.

If deported, the defendant shall not reenter the United States without the express permission of the United States Attorney General. The term of supervision shall be non-reporting if the defendant resides outside the United States. If the defendant should reenter the United States within the term of supervised release, the defendant is to report to the nearest United States Probation Office within 72 hours of his or her arrival.

DEFENDANT:      **YADVINDER BHAMBA**

CASE NUMBER:      **9:00CR08004-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $       100.00 | $ | $ |

☐  If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .  $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of   _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  The interest requirement is waived.

    ☐  The interest requirement is modified as follows:

# RESTITUTION

☐  The determination of restitution is deferred until _____ .   An Amended Judgment in a Criminal Case will be entered after such a determination.

☐  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
|  |  |  |  |
| **Totals:** | $ _____ | $ _____ |  |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case 9:00-cr-08004-DTKH   Document 66   Entered on FLSD Docket 07/26/2000   Page 6 of 8

DEFENDANT:        **YADVINDER BHAMBA**

CASE NUMBER:      **9:00CR08004-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of _____ over a period of _____ year(s) to commence _____$ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT:      **YADVINDER BHAMBA**

CASE NUMBER:      **9:00CR08004-001**

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:      **13**

Criminal History Category:      **II**

Imprisonment Range:   **15 - 21 months**

Supervised Release Range:   **2 - 3 years**

Fine Range:      _____3,000.00_____ to $ _____30,000.00_____

   ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____0.00_____

   ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

   ☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

   ☐ Partial restitution is ordered for the following reason(s):

   ☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

   ☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☒ The sentence departs from the guideline range:

   ☐ upon motion of the government, as a result of defendant's substantial assistance.

   ☒ for the following specific reason(s):
      **See Additional Reasons for Departure From the Guideline Range - Page      8**

Case 9:00-cr-08004-DTKH Document 66 Entered on FLSD Docket 07/26/2000 Page 8 of 8

Judgment-Page 8 of 8

DEFENDANT: **YADVINDER BHAMBA**

CASE NUMBER: **9:00CR08004-001**

## ADDITIONAL REASONS FOR DEPARTURE FROM THE GUIDELINE RANGE

**Pursuant to 4A1.3 - criminal history category II over represents the seriousness of defendant's criminal history category due to the age and nature and resolution of the offense of disorderly conduct DKT# 90804735, and departs to criminal history category of I for a guideline imprisonment range of 12 - 18 months.**